J-S24012-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BRIAN K.THOMPSON | : | |
| | : | |
| Appellant | : | No. 275 EDA 2022 |

Appeal from the PCRA Order Entered November 16, 2021
In the Court of Common Pleas of Chester County
Criminal Division at No(s):  CP-15-CR-0003498-2005

BEFORE:   PANELLA, P.J., LAZARUS, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PANELLA, P.J.:                **FILED OCTOBER 21, 2022**

Brian K. Thompson appeals from the order entered in the Chester County Court of Common Pleas on November 16, 2021, dismissing his serial petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa. C.S.A. §§ 9541-9546 as untimely. After careful review, we affirm.

In July 2005, Thompson shot and killed his girlfriend, who was also the mother of his two children. At trial, Thompson claimed the shotgun went off accidentally while he was under the influence of drugs and alcohol. To rebut these claims, the Commonwealth presented the testimony of Richard Mack, a friend of Thompson, who contradicted Thompson's testimony that he had been drinking or doing drugs on the morning in question. At the end of the jury

_____

[*] Retired Senior Judge assigned to the Superior Court.

trial, Thompson was found guilty of first-degree murder and possessing an instrument of crime. On March 16, 2006, the trial court sentenced Thompson to an aggregate term of life imprisonment.

Thompson filed a timely direct appeal, in which he argued, among multiple other claims, that the Commonwealth failed to turn over material about Mack's parole status and elicited false testimony from Mack that he was not on parole at the time of the murder. We affirmed the judgment of sentence and the Pennsylvania Supreme Court denied Thompson's petition for allowance of appeal on November 19, 2008.

In 2009, Thompson filed a timely *pro se* PCRA petition. Counsel was appointed, however Thompson was subsequently granted the right to proceed *pro se* with standby counsel. Thompson later filed a *pro se* amended PCRA petition, raising numerous issues including a claim of trial counsel ineffectiveness for failing to request a bill of particulars for all of Mack's prior convictions. After a hearing, the PCRA court denied the PCRA petition. We affirmed the denial, and the Pennsylvania Supreme Court later denied Thompson's petition for allowance of appeal.

In 2012, Thompson filed a second *pro se* PCRA petition, in which he argued the Commonwealth erred in suppressing **Brady**[1] material regarding Mack's pending charges at the time of trial, and for failing to correct false

---

[1] **Brady v. Maryland**, 373 U.S. 83 (1963).

testimony from Mack. The PCRA court dismissed the petition as untimely. We affirmed the dismissal, and our Supreme Court later denied Thompson's petition for allowance of appeal.

In 2018, Thompson filed his third *pro se* PCRA petition, in which he alleged the Commonwealth committed a **Brady** violation by withholding evidence regarding Mack's prior criminal convictions. The PCRA court dismissed the petition as untimely. We affirmed the dismissal, and our Supreme Court later denied Thompson's petition for allowance of appeal.

On September 3, 2021, Thompson filed the instant, fourth *pro se* PCRA petition. The grounds of this fourth petition mirrored the claims Thompson has previously raised on multiple occasions; Thompson asserted that information regarding Mack's previous criminal history was withheld from him. The PCRA court subsequently issued notice of its intent to dismiss the petition without a hearing pursuant to Pa.R.Crim.P. 907, finding the petition untimely. After consideration of Thompson's response, the PCRA court dismissed the petition. This timely appeal followed.

Prior to reaching the merits of Thompson's claims on appeal, we must consider the timeliness of his PCRA petition. **See Commonwealth v. Miller**, 102 A.3d 988, 992 (Pa. Super. 2014).

> A PCRA petition, including a second or subsequent one, must be filed within one year of the date the petitioner's judgment of sentence becomes final, unless he pleads and proves one of the three exceptions outlined in 42 Pa.C.S.[A.] § 9545(b)(1). A judgment becomes final at the conclusion of direct review by this Court or the United States Supreme Court, or at the expiration of

the time for seeking such review. The PCRA's timeliness requirements are jurisdictional; therefore, a court may not address the merits of the issues raised if the petition was not timely filed. The timeliness requirements apply to all PCRA petitions, regardless of the nature of the individual claims raised therein. The PCRA squarely places upon the petitioner the burden of proving an untimely petition fits within one of the three exceptions.

*Commonwealth v. Jones*, 54 A.3d 14, 16-17 (Pa. 2012) (internal citations and footnote omitted).

Thompson's judgment of sentence became final in 2009. The instant petition – filed more than 11 years later – is patently untimely. *See* Appellant's Brief, at 10 ("Appellant concedes that his current PCRA petition [was] not filed within one-year of the judgment [of sentencing becoming final.]"). Thus, the PCRA court lacked jurisdiction to review Thompson's petition unless he was able to successfully plead and prove one of the statutory exceptions to the PCRA's time-bar. *See* 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).

The PCRA provides three exceptions to its time bar:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). Exceptions to the time-bar must be pled in the petition, and may not be raised for the first time on appeal. ***See Commonwealth v. Burton***, 936 A.2d 521, 525 (Pa. Super. 2007); ***see also*** Pa.R.A.P. 302(a) (providing that issues not raised before the lower court are waived and cannot be raised for the first time on appeal). Further,

> although this Court is willing to construe liberally materials filed by a *pro se* litigant, *pro se* status generally confers no special benefit upon an appellant. Accordingly, a *pro se* litigant must comply with the procedural rules set forth in the Pennsylvania Rules of the Court. This Court may quash or dismiss an appeal if an appellant fails to conform with the requirements set forth in the Pennsylvania Rules of Appellate Procedure.

***Commonwealth v. Lyons***, 833 A.2d 245, 251–52 (Pa. Super. 2003) (citations omitted). Even liberally construed, Thompson has failed to plead and prove that any of his claims constitute a valid exception to the PCRA time-bar.

Thompson has invoked the newly-discovered fact and government interference exceptions to the PCRA's jurisdictional time-bar.[2] These exceptions have plainly not been met. Thompson's claim in his fourth PCRA petition rests on facts that he was aware of at the time he filed his previous petitions and appeals. He is attempting to show that evidence was withheld

---

[2] Even if Thompson had alleged and argued that his claims qualified under 42 Pa.C.S.A. § 9545(b)(1)(iii), the newly recognized Constitutional right exception, it would not change the outcome. ***See Commonwealth v. Kretchmar***, 189 A.3d 459, 463-64 (Pa. Super. 2018) (explaining that changes in the application of the PCRA's exceptions to the timebar do not qualify as new Constitutional rights for purposes of § 9545(b)(iii)).

from him that he could have used to impeach a Commonwealth witness. Thompson merely seeks to relitigate his previously denied PCRA claims by relying on recent case law and additional information concerning Mack's criminal history.

Thompson continues to raise the same or similar claims regarding Mack as he has raised in his direct appeal and previous PCRA petitions. He therefore essentially stands in the same position as he did filing his previous petitions and appeals. However, Thompson argues the merits of his petition should now be heard pursuant to the holding in ***Commonwealth v. Small***, 238 A.3d 1267 (Pa. 2020). In ***Small***, the Pennsylvania Supreme Court discussed the "public record presumption" which imputes knowledge of facts to a PCRA petitioner the moment those facts become part of the public record, regardless of whether the petitioner remained ignorant of them despite exercising due diligence. The presumption was abandoned in ***Small***, because as applied to incarcerated *pro se* petitioners, it is inconsistent with the plain language of the PCRA's newly-discovered evidence exception to the jurisdictional time-bar. ***See Small***, 238 A.3d at 1283-1286.

According to Thompson, the decision in ***Small*** compels the PCRA court to recognize his petition as timely filed. However, ***Small*** is inapplicable here, where the underlying facts that Thompson puts forward are not "new," much less newly-discovered evidence as defined by subsection 9545(b)(1)(ii) of the PCRA.

We agree with the PCRA court that **Small** has no bearing on the present case because it is not a public records presumption that renders Thompson's PCRA petition untimely. Thompson has evidenced his full awareness of the purported withholding of Mack's criminal history by raising the same or similar claims numerous times since trial. Accordingly, because Thompson cannot satisfy the newly-discovered evidence or government interference exceptions to the PCRA's jurisdictional time-bar, the PCRA court did not err in finding Thompson's petition untimely.

Order affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/21/2022